Elliott, J.
This cause was commenced in this Court during last term. Before the final adjournment of that term, the defendant, Susan Mulhall, presented and filed her petition and bond for the removal of the cause into the Circuit Court of the United States for the District of Colorado, alleging herself to be a citizen of Missouri, etc. The petition and bond being executed in due form, and with sufficient surety, were accepted, and the plaintiff, as well as each of the defendants, being present in Court, and making no objection to said removal, but either expressly or tacitly consenting thereto, the order of removal was granted as prayed for, and duly entered of record.
Now, at this present term, a transcript is presented here, showing that said Circuit Court has made an order remanding the cause to this Court; but that an appeal was immediately prayed for and allowed to the Supreme Court of the United States from said remanding order, upon condition of filing appeal bond, etc.
The plaintiff now moves in substance to re-docket the case in this Court, and to proceed with the same as though the order of removal had never been made, or as though the case had been finally remanded.
When an application is made to this Court upon petition and bond as above stated for the removal of a cause to the Federal Court, my practice is to require that the opposite party or parties have notice of said application, and if no objection be made, the order of removal is allowed pro forma; but if the application be resisted, then this Court hears and considers the same, and either makes the order of removal, or refuses so to do, according as the case shall appear to be removable or non-removable under the act of Congress as disclosed by the petition, the record, and the proceedings in the case.
*279 If, for want of proper citizenship of the parties, lapse of time, or other reason, a case for removal is not made out by the party applying therefor, this Court will not grant the order of removal, but will refuse the same, retain jurisdiction of the cause, and proceed with the adjudication thereof the same as if no application for removal had been made. But this course can only be consistently taken when the Court has refused to order the removal, not after it has expressly granted such order. This Court has always maintained its right to look into, pass upon, and determine the question of the removability or non-removability of a cause whenever its judgment has been invoked at the time the application for removal is made. To refuse to exercise this right would be to allow the removal from this Court of any and all causes at any time, whether removable or not, and thus totally subvert and obstruct its jurisdiction in every case.
But after an order of removal has been made, whether pro forma or upon due consideration, especially after the final adjournment of the term, this Court will not attempt to review the question of the removability of the cause; and under such circumstances, even if the order of removal had been erroneously made, this Court will not again entertain jurisdiction until the Federal jurisdiction touching said question of removal has been exhausted and the cause finally remanded. Any other practice would be irregular, erroneous, and tend to endless confusion, if not absolutely void. A party desiring to avail himself of the judgment of this Court as to the question of the removability of a cause, must do so in the first instance. He cannot stand by and submit to an order of removal without objection, intending to appeal to the Federal Court to remand, and then after the adjournment of the term ask this Court to reverse or vacate the order of removal in advance of the final determination of the question by Federal authority.
It is urged by the plaintiff that the Circuit Court has ordered the cause remanded ; but that judgment is not final; it is subject to the appeal which has been prayed. In this matter the Circuit Court is a nisi prills Court like this. And while entertaining the greatest respect for the Circuit Court of this district and its eminent Judges, I am of the opinion that the order of that Court in this matter is not binding upon this Court, when appealed from, and I do not feel at liberty to act upon it until the appeal there *280 from has either been abandoned or dismissed, or its judgment affirmed.
Conceding the final decisions of the United States Court to be of paramount authority in the' construction of the acts of Congress and in all cases of Federal cognizance, still the State Courts should in all cases where a removal is sought, if either party request it, determine for itself whether or not to treat a cause as still pending; and when in the judgment of the State Court a proper case for removal is not made out, the State Court should proceed fearlessly with the adjudication thereof, and it may also do this even if the Circuit Court refuses to remand, provided the party opposing the removal appeal to the Supreme Court of the United States from the refusal to remand. When a party is firm in contending for his rights, he has a right to expect Courts to be firm and fearless in maintaining them, yielding only to superior Courts of review. When a cause is finally remanded, undoubtedly the jurisdiction of the State Court re-attaches, and perhaps it may be said that for the purpose of preserving substantial rights the jurisdiction was never lost; but certain it is that the jurisdiction of the State Court is suspended where it has made an express order of removal, until it is restored by the action of the Federal Courts.
Since the filing and acceptance of a sufficient petition and bond in a proper case completes the removal ipso facto, so far as the Circuit Court is concerned, without any express order of removal by the State Court, an opinion seems to prevail that the granting or refusing of such an order has no legal effect whatever. This is doubtless true so far as jurisdiction and proceedings in the Circuit Court are concerned. But it is not necessarily true so far as respects proceedings in the State Court.
It is urged in this case that, because the question of removal was not argued here, and because consent or acquiescence could not confer jurisdiction on the Circuit Court, that this Court should now hear argument, and if the cause shall appear to be not removable, then to set aside the order of removal and proceed with the case. This Court might, perhaps, take that course if there had not been a lapse of the term. But, as a general rule, all final orders of a preceding term are sacred, and cannot be interfered with, except as the Court may be authorized to do so by statute. To the request that the Court now hear argument, *281 I reply, that the question of removal might have been argued, and, while consent may not confer, it is often sufficient to deprive a Court of jurisdiction of a particular case, especially after the lapse of a term. For example: If a case should be dismissed or a change of venue granted at a former term by consent, this Court would not at a subsequent term, on the mere motion of one party, again entertain jurisdiction of'the case.
What utter folly it would be to treat a cause as pending one term and not pending the next, and so on in alternation, according to the varying judgment or caprice of the presiding Judge, during the whole period while the question of removability should remain open and undetermined in the Federal Courts.
These views, although specially applicable to the question of the removal of causes from the standpoint of the State tribunals, are believed to be in no wise in conflict with the leading decisions of the Federal Courts.
Though this question has been presented and considered in the midst of a hurried and crowded nisi prius term, yet I have devoted considerable time to reading and reflection upon the matter, because it seemed to me that the plaintiff, through mere inadvertence in the practice, was likely to be embarrassed in the prosecution of his cause. Nevertheless, he must trust to the Circuit Court to protect him, either by sufficient bond, if the appeal is determined in his favor, or to give him the relief he is entitled to, if the case proves to be one of Federal cognizance.
If there had been no appeal taken from the order of the Circuit Court remanding the case, I should doubtless treat that order as final, and order the case re-docketed. If the appeal shall be abandoned or dismissed, or if the Supreme Court shall affirm the Circuit Court, then . this Court will cheerfully take jurisdiction of the case, considering the Federal Supreme Court as of paramount authority in the matter.
Counsel know.I did not consider the question of the remova-bility of the cause. I may now have my own opinion as to whether it is or is not a removable case; but, at the time the order was made, I supposed the case was clearly removable, or else that the parties did not desire the judgment of this Court as to its removability, but preferred to go at once to the Circuit Court and take its judgment upon the question, I am always *282 glad to have parties pursue that course; but, if they wish the judgment of this Court, they must demand it before the order of removal is made.
Rice & IDiapp, for plaintiff.
Miller, Clough & Long, Slallcup, Luthe & Shafroth, Dixon & Wright, Browne & Putnam, for defendants.
In the present state of the record, I do not deem it proper for this Court to proceed any further with the cause.